James H. Power
Marie E. Larsen
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, New York 10019
Telephone: 212-513-3200
Telefax: 212-385-9010
Email: james.power@hklaw.com
       marie.larsen@hklaw.com

*Attorneys for Plaintiff*
*Minerva Marine Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MINERVA MARINE INC.,
individually and on behalf of
M/V MINERVA VERA (IMO No. 9411941),

                Plaintiff,

- against -

O.W. BUNKER MALTA LIMITED,
SEKA S.A., and ING BANK N.V.

                Defendants.

15 Civ. _____ (    )

**COMPLAINT**
**FOR INTERPLEADER**
**PURSUANT TO RULE 22**

---

      Plaintiff Minerva Marine Inc. ("Minerva" or "Plaintiff"), by and through its attorneys Holland & Knight LLP, bring this action pursuant to Rule 9(h), as and for their Complaint for Interpleader pursuant to Fed. R. Civ. P. 22 and alleges, upon information and belief, as follows:

### THE PARTIES

      1.    Minerva is a corporation or business entity organized and existing pursuant to the laws of a foreign country, with an office and place of business at 141-143, Vouliagmenis Avenue, Voula, 166 73 Athens, Greece.

2. Beatrix Consultants Corp. ("Beatrix" or "Owner") is a party in interest in this proceeding and at all material times was the owner of the vessel M/V Minerva Vera (the "Vessel"). Beatrix is a related entity to Plaintiff Minerva.

3. Defendant O.W. Bunker Malta Limited ("O.W. Malta") is a corporation or business entity organized and existing pursuant to the laws of a foreign country, with an office and place of business at 18/2 South Street, Valletta VLT 1102, Malta.

4. Defendant SEKA S.A. ("SEKA") is a corporation or business entity organized and existing pursuant to the laws of a foreign country, with its principal place of business at 53-55 Akti Miaouli, 185 36 Piraeus, Greece.

5. Defendant ING Bank N.V. ("ING") is a bank organized and existing pursuant to the laws of the Netherlands with an office and place of business located at Amsterdamse Poort, Bijlmerplein 888, 1102 MG Amsterdam, The Netherlands.

## JURISDICTION AND VENUE

6. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

7. This Court has personal jurisdiction over defendants O.W. Malta pursuant to the terms of the applicable bunker supply contract and O.W. Group Standard Terms and Conditions which call for the Southern District of New York as the exclusive jurisdiction for claims arising from fuel sale and delivery.

8. This Court also has personal jurisdiction over defendant SEKA pursuant to SEKA's agreement with O.W. Malta's Terms and Conditions for the Sale of Marine Fuels which

call for the Southern District of New York as the exclusive jurisdiction for claims arising from fuel sale and delivery.

9. This Court has personal jurisdiction over ING to the extent it is or may be a third-party beneficiary of the bunker supply contracts at issue in this dispute and to the extent that it is an alleged assignee of the receivables of O.W. Malta. ING has asserted that it stands in the shoes of O.W. Malta and is therefore bound by the terms and conditions of O.W. Malta. Additionally, ING transacts business within the jurisdiction of this Court and has a place of business at 1325 Avenue of the Americas, New York, New York 10019.

10. Venue is properly laid in this Court pursuant to 28 U.S.C. § 1391.

## NATURE OF ACTION

11. This is an action for Rule Interpleader pursuant to Fed. R. Civ. P. 22, with respect to the principal sum of $142,762.35, representing the amount demanded from multiple parties for the supply of bunkers to the vessel M/V Minerva Vera. With respect to payment for such supply, O.W. Malta, SEKA, ING or some other third party have or may have conflicting claims as to ownership of the fuel payment funds to be paid by Minerva for the purchase of and receipt of a specific and finite quantity of bunkers (fuel) at Piraeus, Greece by the Vessel (the "Fuel Delivery").

## FACTUAL BACKGROUND

12. Minerva is the commercial manager of M/V Minerva Vera.

13. On or about October 30, 2014, Minerva ordered bunkers from O.W. Malta for the vessel M/V Minerva Vera. A true and correct copy of the Sales Order Confirmation received from O.W. Malta is attached hereto as Exhibit 1. On this document, the "supplier" is identified

3

as "Seka." The Sales Order Confirmation also notes that the invoicee is Beatrix Consultants Corp. c/o Minerva Marine Inc.[1]

14. The bunkers were delivered to the vessel Minerva Vera on or about November 4, 2014. A bunker delivery receipt was issued by SEKA. A true copy of the bunker delivery receipt is attached hereto as Exhibit 2. The bunker delivery receipt does not include any terms and conditions and therefore the Fuel Delivery is governed by O.W. Bunkers standard terms and conditions as agreed in the Sales Order Confirmation (Exhibit 1).

15. Following the supply of bunkers to the Vessel, an invoice was not issued by O.W. Malta. However, on August 28, 2015 a backdated invoice was received from O.W. Bunker & Trading A.S on behalf of O.W. Malta for the supply of bunkers to the Vessel. The invoice directs payment of $142,762.35 to O.W. Malta, to an ING account. A true copy of the bunker invoice is attached hereto as Exhibit 3.

16. The standard terms and conditions of all OW Bunker entities for the sale of bunkers includes clause P.5: "Without prejudice to any other Clause herein any disputes and/or claims arising in connection with these conditions and/or any Agreement governed by them, any dispute and/or claim aris[ing] in connection with a Vessel detained by Seller at any port, place or anchorage within the United States shall be submitted to the United States District Court for the Southern District of New York." A true copy of the OW Bunker terms is attached hereto as Exhibit 4.

17. On November 7, 2014, O.W. Bunker & Trading A/S and certain of its Danish subsidiaries and affiliates filed for bankruptcy in their home jurisdiction of Denmark. Thereafter

---

[1] O.W. Malta addressed the sales order confirmation to an entity called Intertrans Holdings Trust (Marshall Islands) Inc. ("Intertrans") which was apparently in O.W. Malta's records from past transactions. Although Intertrans was not the proper addressee, it should nonetheless benefit from any equitable relief issued in this matter to protect it against claims by O.W. Malta, SEKA and ING.

4

many other O.W. entities and/or affiliates filed for bankruptcy in various other jurisdictions around the world. No foreign O.W. bankruptcy proceeding has been recognized in the United States pursuant to Chapter 15 of the U.S. Bankruptcy Code.

18.     Pursuant to an Omnibus Security Agreement dated December 19, 2013 between O.W. Bunker & Trading A/S and its subsidiaries (believed to include O.W. Malta), and ING as Security Agent, the O.W. entities have allegedly assigned certain rights in respect of their supply contracts as security to ING.

19.     On November 7, 2014, in response to the bankruptcy of O.W. Bunker & Trading A/S and O.W. Malta, SEKA sent an email to Minerva noting that it had contracted with O.W. Malta for the supply of bunkers to the Vessel, and demanding direct payment of its bunker invoice issued to O.W. Malta in the amount of $141,209.26., allegedly on O.W.'s consent. The November 7 demand for payment included a copy of the invoice issued by SEKA to O.W. Malta. A true and correct copy of the demand and invoice is attached hereto as Exhibit 5.

20.     On November 18, 2014, faced with competing demands for payment, Minerva sent an email to O.W. Malta, the Trustees in bankruptcy of the O.W. Group (including O.W. Bunker & Trading A/S and O.W. Malta), and SEKA proposing a deposit of the disputed funds into an escrow account pending a determination of the proper claim to the funds under applicable law. A true and correct copy of the November 18, 2014 email is attached hereto as Exhibit 6.

21.     On December 3, 2014, PricewaterhouseCoopers LLP ("PWC") on behalf of ING responded to Minvera's email, rejecting the escrow agreement as a form of security for its claim, and demanding payment to ING for the "uninvoiced deliveries" in the amount of $143,400.00, despite the fact that O.W. Bunker was "in the process of processing these invoices," and the

amount due was not yet even confirmed. A true and correct copy of the December 3, 2014 email is attached hereto as Exhibit 7.

22. On August 28, 2015, Minerva finally received an invoice for the delivery of fuel to the Vessel, from O.W. Bunker & Trading A/S (in bankruptcy) on behalf of O.W. Malta. Exhibit 3. The invoice directs payment of $142,762.35 for the Fuel Delivery.

23. On September 15, 2015 ING followed up on its December 2014 correspondence, noting that if full or final payment or security of the amount of the invoice, plus 3% contractual interest was not made, that "the vessel MINERVA VERA will sought to be arrested at our earliest opportunity." A true and correct copy of the September 15, 2015 email is attached hereto as Exhibit 8. ING demanded this interest component despite Minvera's offer to establish an escrow account for the benefit of all claimants almost a year earlier, and despite the failure to even issue an invoice until August 28, 2015.

24. On September 21 and September 28, 2015, ING confirmed that the Vessel was "placed on arrest watch." True and correct copies of ING's September 21 and September 28 emails are attached hereto as Exhibit 9.

25. On October 1, 2015, SEKA commenced an action before the Single Member First Instance Court of Piraeus against Beatrix as registered owner of the Vessel, and against Minerva (the "Greek Action"). SEKA asserts a contractual claim based on agency arguments, demanding payment of $141,209.28 plus contractual interest - the same claim as ING. SEKA has not arrested the Vessel in connection with the Greek Action, which is due to be heard on May 31, 2016. However, SEKA has sought and obtained arrest orders in other O.W. Bunker-related actions and it is likely that more aggressive action will be taken against the Vessel by SEKA who demands payment for the same fuel as ING.

## ARREST OF VESSEL AND NECESSITY OF INTERPLEADER

26.     Due to the bankruptcy filings of O.W. Denmark and other O.W. group entities, O.W. Malta, SEKA and ING have sought or are expected to seek to collect amounts allegedly owed to them arising from or related to the supply of bunkers to the Vessel.

27.     Under United States (and possibly Greek) maritime law, the contract supplier (such as O.W. Malta) of necessaries, including fuel, to a vessel may obtain a maritime lien against that vessel.  Additionally, under certain limited circumstances, a physical supplier (or transporter) of the fuel may also assert a maritime lien on that vessel.

28.     Moreover, other parties, such as ING, have asserted a right to payment for the Fuel Delivery.  Upon information and belief ING's claims are based on assignments of receivables by various O.W. entities including but not limited to O.W. Malta.

29.     The Vessel trades in the United States and will face arrest by the defendants claiming to assert a maritime lien,[2] which would cause harm to Plaintiff, delay the Vessel, affect innocent third parties with interests in the Vessel's cargo and generally inhibit and interfere with maritime commerce.  Indeed, ING has threatened to arrest the Vessel to assert its claims and indicates that the Vessel is on "arrest watch".  *See* Exhibit 9.  In addition, SEKA has commenced an action against Minerva to assert its claims for payment, and will take steps to arrest the Vessel as security for its claims.

30.     Minerva presently has control over the funds invoiced for the Fuel Delivery to the Vessel.  Plaintiff disclaims any interest in the amount invoiced for the supply of bunkers to the Vessel.

---

[2] Plaintiff makes no assertion nor take a position as to the validity of any of the potentially asserted maritime lien or other claims by any of the Defendants or whether O.W. Malta has validly assigned any maritime lien or other claims to ING. These issues remain to be decided.

31. Minerva cannot ascertain whether the amount owed for the Fuel Delivery should be paid to O.W. Malta, SEKA or ING or some other third party in order to extinguish all maritime liens and/or other claims against Minvera, Beatrix and the Vessel and to prevent the Vessel's arrest or attachment in this District or elsewhere and to prevent double liability for the Fuel Delivery.

32. The competing claims of the Defendants or other third parties exposes Minerva, Beatrix and the Vessel to multiple liabilities in connection with the payment of the bunker invoices in order to extinguish competing maritime lien claims and/or other *in personam* or non-maritime claims.

33. Although a deposit of disputed property is not required under Fed. R. Civ. P. 22 "Rule Interpleader,'" Minerva, acting on behalf of the Vessel, is nonetheless willing to deposit with the Court the sum of at least $142,762.35, representing the amount due pursuant to the invoice issued by O.W. Malta for the Fuel Delivery, as this Court may order, so that O.W. Malta, SEKA, ING and any other claimant may interplead among themselves to establish their respective rights to the funds.

34. Further, in order to comply with the requirements of Supplemental Admiralty Rule E(5)(a) and for the funds deposited into the registry to constitute security for the *in rem* claims of the claimants and to act as the substitute *res* against which claimants must assert their maritime liens for the Fuel Delivery, Plaintiff is prepared to deposit an additional amount ($8,565.74) constituting 6% interest per annum or such other amount as the court deems just and proper. Thus, the total amount of the proposed deposit is calculated to be $151,328.09, inclusive of one year of interest.

35. After depositing the sum of $151,328.09 with the Court, Minerva (as manager) and Beatrix (as owner) and Intertrans (as invoicee) are entitled to be discharged from further *in personam* liability with respect to the funds and liability for payment for the Fuel Delivery. The Vessel is similarly entitled to be discharged from any maritime lien against it arising from the Fuel Delivery as described herein and as reflected in Exhibits 1 - 3.

WHEREFORE, Plaintiff Minvera Marine Inc., individually and on behalf of the vessel M/V Minerva Vera, respectfully requests that this Court:

(i) determine which of the defendants is entitled to the Fuel Delivery funds, or, in the alternative, the share of each defendant, if any;

(ii) enjoin O.W. Bunker Malta Limited, ING Bank, N.V. and any later-identified claimants from commencing any action against Minvera, Beatrix or Intertrans *in personam* or the vessel M/V Minerva Vera *in rem*, including but not limited to the arrest or attachment of the Vessel in any port, pursuant to Supplemental Admiralty Rules C or B or other law, based on the assertion of any *in rem* claim or *in personam* claim directed against Minerva for the provisions of the bunkers referred to herein as the Fuel Delivery;

(iii) enjoin SEKA S.A. from commencing any action against the vessel M/V Minerva Vera *in rem*, including but not limited to the arrest or attachment of the Vessel in any port, pursuant to Supplemental Admiralty Rules C or B or other law, as security for its claims in the Greek Action, or based on the assertion of any *in rem* claim or *in personam* claim directed against Minerva, Beatrix or Intertrans for the provisions of the bunkers referred to herein as the Fuel Delivery;

(iv) discharge Minvera, Beatrix and Intertrans from any liability on any claim that has been made or may in the future for the Fuel Delivery upon Plaintiff's deposit of $151,328.09 into

this Court's registry, or such other amount the Court finds sufficient to discharge Minerva, Beatrix and the Vessel from liability for the Fuel Delivery;

(v) discharge the Vessel from any liability on any claim that has been made or may in the future be made for the Fuel Delivery upon Plaintiff's deposit of $151,328.09 into this Court's registry;

(vi) award Plaintiff its costs and attorneys' fees in bringing this action and in maintaining this action; and

(vii) award the return of any amount remaining in the registry (e.g., the interest deposit) to the Plaintiff upon the ultimate disposition of claims to the deposited Fuel Delivery funds; and

(viii) award Plaintiff such other and further relief including equitable relief available under admiralty which this Court may deem just and proper.

Dated:  New York, New York
        November 5, 2015

HOLLAND & KNIGHT LLP

By: _____
James H. Power
Marie E. Larsen
31 West 52nd Street
New York, New York 10019
Telephone: 212-513-3200
Telefax: 212-385-9010
Email: james.power@hklaw.com
       marie.larsen@hklaw.com

*Attorneys for Plaintiff Minerva Marine Inc., individually and on behalf of M/V MINERVA VERA (IMO No. 9411941)*