UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/06/2015

---

MINERVA MARINE INC.,
individually and on behalf of
M/V MINERVA VERA (IMO No. 9411941),

                Plaintiff,

- against -

O.W. BUNKER MALTA LIMITED,
SEKA S.A., and ING BANK N.V.

                Defendants.

15 Civ. 8724 (VEC)

---

## PRELIMINARY INJUNCTION RESTRAINING ORDER

This Rule 9(h) maritime matter comes before the Court on the request for a Preliminary Injunction in the form of a Restraining Order pursuant to Fed. R. Civ. P. 65 by interpleader plaintiff Minerva Marine Inc. ("Minerva"), individually and on behalf of the vessel M/V Minerva Vera (the "Vessel"). Upon consideration of Application for Preliminary Injunction, and the documents filed in this action, and;

WHEREAS Plaintiff has established the procedural prerequisites of a rule interpleader action pursuant to Fed. R. Civ. P. 22 in that 1) the plaintiff faces claims which expose it to multiple liability; 2) there is an independent basis for subject matter jurisdiction under 28 U.S.C. § 1333; and 3) this Court has personal jurisdiction over each of the defendant-claimants; and

WHEREAS on November 4, 2014 the sale and delivery of bunker fuel was made to the Vessel in Piraeus, Greece, and a corresponding invoice were issued by O.W. Bunker Malta Limited to Minvera for fuel totaling the amount of $142,762.35 (the "Fuel Delivery"); and

WHEREAS Plaintiff has demonstrated that a restraining order is justified to protect Minerva, vessel owner Beatrix Consultants Corp. ("Beatrix") and invoicee Intertrans Holdings Trust (Marshall Islands) Inc. ("Intertrans") from multiple litigation against them for the same claims and against the Vessel *in rem* for the payment on the same fuel parcel; it is hereby

ORDERED that the claimants in this action are restrained and enjoined from instituting any proceeding affecting the property and *res* involved in this action of interpleader, including but not limited to the arrest or attachment of the vessel M/V Minerva Vera pursuant to Supplemental Admiralty Rule C or Rule B or other laws to enforce claimants' maritime lien or other claims arising from the Fuel Delivery until the further order of the Court; and it is further

ORDERED that upon deposit of the funds into the Court's registry, such funds will stand as and shall be the substituted *res* for the Vessel and the maritime lien claims of any claimant arising from or related to the subject matter of this interpleader will be and are transferred from the Vessel to the funds on deposit and any claimant may assert a maritime lien or other claim in the District against the funds for payment on the Fuel Delivery, all subject to further litigation among the competing claimants; and it is further

ORDERED that the amount on deposit is deemed good and sufficient security for claimants' *in rem* maritime lien claims, constituting the invoiced amount plus 6% interest per annum as under Supplemental Admiralty Rule E(5)(a); and it is further

ORDERED that the amount on deposit is deemed good and sufficient security for the purposes of Fed. R. Civ. P. 65(c); and it is further

ORDERED that sufficient security in the total amount of $151,328.09 having been ordered deposited into the registry of the Court as substitute *res* and security for all claims arising for payment of the Fuel Delivery to the Vessel on November 4, 2014, further action

against the Vessel, Minerva, Beatrix or Intertrans shall not be brought anywhere in the world by any of the named defendants to secure or assert such claims; and it is further

ORDERED that if the claims have not been resolved by November 5, 2016, Plaintiff shall deposit an additional 6% of the invoiced amount to maintain adequate security through the substitute *res*; and it is further

ORDERED that Plaintiff shall serve a copy of this Order on each defendant; and it is further

ORDERED that if Plaintiff learns of any other claimant who intends to assert a claim related to the subject matter of this action, then Plaintiff will promptly serve a copy of this Order (and related papers) on such claimant who then will be bound thereby; and it is further

ORDERED that Plaintiff shall provide notice of this Order by email where possible and such notice shall be deemed good and sufficient; and it is further

ORDERED that any claimant may, upon proper motion allowing adequate time for briefing, request that this Order be set aside or modified.

This 6th day of November, 2015

3:21 pm

_____
United States District Judge